UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SPA PARTS, ACCESSORIES &
SERVICES, LLC,

    Plaintiff,

vs.                                            Case No. 8:09-CV-1247-T-27-MAP

THOMAS SEEKER, and
PREMIUM LEISURE, LLC,

    Defendants.
_____/

## ORDER

This matter came before the Court on Plaintiff, Spa Parts, Accessories & Services, LLC's ("Spa Parts") Motion for Preliminary Injunction (Dkt. 7), supporting memorandum (Dkt. 8), the Declaration of Bradford Tatum (Dkt. 9), the Declaration of Robert T. Fitzgerald (Dkt. 10), the settlement agreement and addendum to settlement agreement between Spa Parts and Premium Leisure, LLC (collectively, the "Settlement Agreement") (Dkt. 25). The preliminary injunction motion was set for hearing on August 5, 2009 by an Order of this Court (Dkt. 15) which was personally served on Defendant Thomas Seeker ("Seeker") along with the Complaint, preliminary injunction motion and other papers on July 27, 2009 (Dkt. 22). Seeker did not file any evidence or memoranda in opposition to the motion, and he did not appear at the hearing. Upon consideration, the Court finds as follows:

    A.    Spa Parts is substantially likely to prevail on the merits of its claims.

The declarations of Fitzgerald and Tatum and the exhibits attached thereto demonstrate that: (a) Spa Parts owns enforceable rights in the domain names listed on Exhibit A attached hereto; (b)

the public is likely to be confused, misled or deceived by the improper use of these domain names and may believe that other entities' services originate from, are associated or affiliated with, or are sponsored or endorsed by Spa Parts. Accordingly, Spa Parts is substantially likely to prevail on its trademark and service mark claims.

Based on the declarations, the domain names on Exhibit A attached hereto are distinctive, are identical to the domain names registered by Defendants, and the domain names were registered by Seeker with the bad faith intent to profit from them. Accordingly, Spa Parts is substantially likely to prevail on its cyberpiracy claim.

Based on the record evidence, Seeker as the former Chief Information Officer for Spa Services, Inc. ("Spa Services") had access to Spa Parts' domain names, passwords, and computer system as a result of assisting Spa Parts in transferring the intellectual property it purchased from Spa Services. Seeker utilized this information to change the domain names' passwords and to direct control of the domain names on Exhibit A away from Spa Parts. Seeker also used this information to gain access to Spa Parts' computer system after Seeker no longer worked for Spa Services or Spa Parts, obtaining information including Spa Parts' customer list and information on recent orders by Spa Parts' customers ("Service Customer List"). Seeker sold at least part of the Service Customer List to Premium Leisure, LLC ("Premium"), resulting in at least one e-mail sent to some or all of Spa Parts' customers soliciting business for Premium. These actions constitute conversion of the Service Customer List and domain names by Seeker, and therefore, Spa Parts is likely to prevail on the merits of its conversion claim. Premium and Spa Parts have entered into a settlement agreement in which Premium does not oppose the entry of an injunction directing Seeker, GoDaddy.com, or any other internet service provider or other person or entity, to transfer control of the domain names

identified on Exhibit A to Spa Parts.

        B.     Spa Parts is suffering irreparable harm.

As a result of the actions described in the declarations of Tatum and Fitzgerald, Spa Parts is suffering irreparable harm. Each day its domain names and Service Customer List are used, Spa Parts continues to experience harm, while those using the domain names and Service Customer List continue to profit from them. Further, Spa Parts is continuing to be harmed because it does not have control or use of the domain names listed on Exhibit A. No monetary remedies can adequately compensate Spa Parts.

        C.     The balance of harm weighs strongly in Spa Parts' favor.

As discussed, Spa Parts will be irreparably harmed if this injunction does not issue. However, Seeker has no legally protectable interest in the domain names or Service Customer List. Accordingly, he will not suffer any legally protected harm from the entry of a preliminary injunction requiring him to turn over Spa Parts' property (i.e., the Service Customer List and domain names listed on Exhibit A) in which Defendants have no protectable interest.

        D.     The entry of this injunction in not contrary to the public interest.

The "… public interest in preventing confusion around the marketplace is paramount to any inequity caused the [junior user]." *SunAmerica Corp. v. Sun Life Assurance Co. of Can.*, 77 F. 3d 1325, 1334 (11th Cir. 1996). Defendants' continued use of the domain names and Service Customer List will continue to cause confusion in the marketplace and harm to Spa Parts and the public.

Accordingly, it is **ORDERED** that

1.     Plaintiff's motion for a preliminary injunction (Dkt. 7) is **GRANTED.**

2.     Within two business days of being served with this Order, Thomas Seeker, his agents,

representatives, employees, and attorneys are hereby enjoined from using and are directed to return to Spa Parts: (1) control of all domain names listed on Exhibit A, and (2) Spa Parts' Service Customer List.

3. Within two business days of being served with this Order, Thomas Seeker shall provide to Spa Parts all passwords for the domain names listed on Exhibit A.

4. Thomas Seeker, his agents, representatives, employees, and attorneys are hereby enjoined from using in any manner, or interfering in any manner, with: (1) Spa Parts' use of the domain names listed on Exhibit A hereto, and (2) the Service Customer List.

5. Spa Parts shall post a bond in the amount of $10.00 within ten (10) days of the date of this Order.

**DONE AND ORDERED** in chambers this 11th day of August, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

**EXHIBIT A**

AQUA-CLARA.COM

2NDSEASONSPAS.COM

AURORA-SPAS.COM

AURORAHOTTUBS.COM

BLEMHOTTUBS.COM

BLEMSPA.COM

BLEMSPAS.COM

CENTURIONHOTTUBS.COM

CENTURIONSPA.COM

CENTURIONSPAS.COM

EXTENDEDHOTTUBWARRANTY.COM

EXTENDEDSPAWARRANTY.COM

GCS11620.C0M

GCSDEALERS.COM

GCSPAS.COM

GCSSTORE.COM

HOTTUB-MART.COM

HOTTUBEXTENDEDWARRANTY.COM

HOTTUBSERVICE.NET

HOTTUBSERVICES.COM

HOTTUBWARRANTY.COM

INFUSIONSPAS.COM

LA-Z-BOYH20.COM

LAZYBOYH20.COM

LAZYBOYSPA.COM

LIVINGWATERHOTTUBS.COM

LIVINGWATERSPAS.NET

LIVINGWATERSPAS.ORG

LIVINGWATERSPASINC.COM

LUXURYSPASTORE.COM

LWSPAS.COM

MEDISPAHOTTUBS.COM

MEDISPASHOTTUBS.COM

MYLUXURYSPA.COM

MYSPASERVICES.COM

PORTABLESPASERVICES.COM

SECONDSEASONSPAS.COM

SHOPLWP.COM

SPADISTRIBUTING.COM

SPADISTRIBUTINGINC.COM

SPAEXPERT.ORG

SPAEXTENDEDWARRANTY.COM

SPAEXTENDEDWARRANTY.ORG

SPAMANUFACTURING.COM

SPAMNAUFACTURING.NET

SPAMANUFACTURING.ORG

SPASERVICES.ORG

SPASERVICESINC.COM

SPASERVICESINCORPORATED.COM

SPASHOPPERS.CO.UK

SPASHOPPERS.COM

SPASSTORE.COM

SPAWARRANTY.NET

SUPERIORSPAS.COM

TATUMHOTTUB.COM

TATUMHOTTUBS.COM

TATUMMANUFACTURING.BIZ

TATUMMANUFACTURING.COM

TATUMMANUFACTURING.INFO

TATUMMANUFACTURING.NET

TATUMMANUFACTURING.ORG

TATUMMFG.COM

TATUMSPA.COM

TATUMSPA.NET

TATUMSPAS.COM

TATUMSPAS.NET

THEBESTSPASTORE.COM

THE PILATESSPACOMPANY.COM

THESPABUILDERS.COM

THESPASSTORE.COM

TMIOUTLETSPA.COM

TMIOUTLETSPA.NET

TMISPA.COM

TMISPAS.COM

TMISPAS.NET

WHIRLPOOLHOTTUBS.CO.UK

WHIRLPOOLHOTTUBS.COM

WHIRLPOOLHOTTUBS.ME.UK

WHIRLPOOLHOTTUBS.NET

SPAMART.COM

DIRECT2UHOTTUBS.COM

DIRECT2UHOTTUBS.NET

SPASHOPPER.COM

LIVINGWATERPRODUCTS.COM

LIVINGWATERPRODUCTS.NET

LIVINGWATERPRODUCTS.ORG

LIVINGWATERSPAS.COM

LWSPA.COM